IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THERESA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>6:25-CV-00017 |

## NOTICE OF REMOVAL

Defendant Frontier Airlines, Inc., by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, where the action is now pending, to the United States District Court for the Middle District of Florida. The removal of this action is based upon the following:

1. On or about September 11, 2024, Plaintiff filed a civil action against the Defendant in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, entitled *Theresa Smith v. Frontier Airlines, Inc.*, Case No. 2024-CA-008089 (hereinafter referred to as the "State Court Action").

2. Plaintiff's Complaint alleges race and disability discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), Florida Statutes Chapter 760. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

1332.  More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of the interests and costs.

3. In her Complaint, Plaintiff alleges she is a resident of the State of Florida and that her claims are "*individually*, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest." *See* Exhibit A, Complaint at ¶¶ 2-3 (emphasis added). Plaintiff's Complaint asserts counts of (1) race discrimination, (2) disability discrimination, and (3) retaliation. *See id.* at pp. 5-8.

4. Further, on the Civil Cover Sheet for this matter, Plaintiff checks the box of "over $100,000.00" for the amount of the claim. *See* Exhibit B, Civil Cover Sheet p. 1.

5. Therefore, Plaintiff's claims and allegations show that Plaintiff is a resident of the state of Florida and that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.[1]

6. Further, at the time of the filing of the Complaint and through the time of removal, Defendant Frontier Airlines, Inc. was and is a corporation organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado. *See* Certificate of Fact of Good Standing for Frontier Airlines, Inc. and

---

[1] Defendant denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief.

latest Certificate of Document Filed Periodic Report filed on January 29, 2024, both publicly available on the Colorado Secretary of State website, and 2024 Foreign Profit Corporation Annual Report filed with the Florida Secretary of State on April 22, 2024, publicly available on the Florida Department of State Division of Corporations website, all attached hereto as Exhibit C.[2]

7. Therefore, Frontier Airlines, Inc. is solely a citizen of Colorado, and diversity of citizenship exists between Plaintiff and Defendant.

8. A copy of the Complaint and Summons in the State Court Action was served upon Defendant on December 16, 2024. This constituted Defendant's first legal notice of the State Court Action for purposes of removal. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Defendant received notice of the State Court Action.

9. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

---

[2] "Judicial notice may be taken of an adjudicative fact that is 'not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). 'Under Rule 201 of the Federal Rules of Evidence, a court *may* take judicial notice on its own' or '*must* take judicial notice if a party requests it and the court is supplied with the necessary information.' *Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (citation omitted; emphasis in original)." *Tolston v. City of Atlanta, Ga.*, 723 F. Supp. 3d 1263, 1323 (N.D. Ga. 2024).

10. The District and Division embracing the place where such action is pending is the United States District Court for the Middle District of Florida, Orlando Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c). The Middle District, Orlando Division is the appropriate venue because Plaintiff alleges the actions at issue took place in Orange County, Florida.

11. A true and correct copy of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Composite Exhibit "B," as required by 28 U.S.C. § 1446(a).

12. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written Notice of the Removal to Plaintiff and will file a copy of this Notice of Removal in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

*s/ Janell M. Ahnert*
Janell M. Ahnert (FL Bar 0123161)
jahnert@littler.com
LITTLER MENDELSON, P.C.
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Telephone: 205.421.4700
Facsimile: 205.421.4699

Counsel for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on this the 6th day of January 2025, by electronically filing the same with the CMECF e-filing system, which will send electronic notice of same to the following:

Marie A. Mattox
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

                                              *s/ Janell M. Ahnert*
                                              OF COUNSEL

4891-0725-2208