UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERESA SMITH,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

CIVIL ACTION NO.

6:25-CV-00017

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant Frontier Airlines, Inc. ("Frontier") moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). While Plaintiff purports to assert claims for race and disability discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), Plaintiff did not exhaust her administrative remedies with respect to her claims, and her claims are untimely and cannot proceed. Therefore, Plaintiff's claims fail as a matter of law based on these threshold issues, and the Court should dismiss the Complaint in its entirety.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Taking the allegations in Plaintiff's Complaint as true for the purposes of this Motion only, Plaintiff is a Frontier Flight Attendant. Complaint ¶ 6. Plaintiff alleges in her Complaint that Frontier discriminated against her based on her race and disability, and retaliated against her in violation of the FCRA. *Id.* at pp. 5-8.

Plaintiff's allegations are specifically based on her claim that she was denied her request not to wear her Flight Attendant scarf due to a medical condition. *Id.* ¶ 12.

On **October 29, 2021**, Plaintiff filed a charge of discrimination against Frontier with the Equal Employment Opportunity Commission ("EEOC") (New Orleans Division) (Charge No.: 451-2021-01702) ("First Charge"). *See* **Exhibit A**, First Charge.[1]  In the First Charge, Plaintiff alleges that Frontier violated the ADA by denying her request for a "reasonable accommodation of not having to wear a scarf around [her] neck due to [her] medical issue." *Id.*  Plaintiff signed the First Charge on October 29, 2021. *Id.*

On **December 1, 2021**, the EEOC issued Plaintiff a notice of right to sue, which was digitally signed by the EEOC Investigator (the "Right-to-Sue-Notice"). *See* **Exhibit B**, Right-to-Sue-Notice.  The Right-to-Sue-Notice specifically informed Plaintiff that she was required to file a lawsuit "**WITHIN 90 DAYS of [her] receipt of [the] notice**." *Id.* (emphasis in original).  Plaintiff was further advised that once the 90-day period is over, "[her] right to sue based on this [First Charge] will be lost." *Id.*  Plaintiff did not file any lawsuit until her Complaint in this matter on September 11, 2024, long after her right to sue had passed. *See* Compl.

---

[1] Courts in the Eleventh Circuit have consistently found that the court may take judicial notice of EEOC records for the purposes of deciding a Motion to Dismiss because "these documents are all part of the EEOC's administrative record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *See Ellison v. Brennan*, 2020 WL 2523287, at *2 (M.D. Fla. May 18, 2020), *aff'd sub nom. Ellison v. Postmaster Gen., U.S. Postal Serv.*, 2022 WL 4726121 (11th Cir. Oct. 3, 2022) *(*quoting Fed. R. Evid. 201(b)(2)).

On **June 9, 2022**, 190 days after the Right-to-Sue-Notice was issued, Plaintiff filed another Charge of Discrimination against Frontier with the EEOC (Miami Division) and Florida Commission on Human Relations ("FCHR") (Charge No.: 510-2022-01622) (the "Second Charge"). *See* **Exhibit C**, the Second Charge. In the Second Charge, Plaintiff alleges that on October 14, 2021 (before she filed her First Charge), she received "a documented verbal warning from management "due to not being in compliance to the uniform standards and for disrespect." *Id.* In addition, Plaintiff once again alleges that Frontier violated the ADA by allegedly denying her request for a reasonable accommodation to limit wearing her Flight Attendant scarf during flight. *Id.* In other words, Plaintiff raises claims and allegations that were duplicative of the claims and allegations she raised in the First Charge. The EEOC made this determination and closed the Second Charge for this reason. *See* **Exhibit D**, FOIA Determination Letter to the Second Charge (stating "this [the Second Charge] is a duplicate charge that was closed because of [C]harge [N]o. 541-2021-01702," the First Charge).

Plaintiff only asserted ADA discrimination in the first Charge. *See* Ex. A. In the Second Charge, Plaintiff only asserted disability discrimination and retaliation claims under the ADA. *See* Ex. C. Plaintiff did not allege any claims of race discrimination, nor did either Charge cite to any violation of the FCRA. *See* Exs. A & C.

## II.      APPLICABLE LEGAL STANDARDS FOR A MOTION TO DISMISS.

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Where the pleading fails to state a claim upon which relief can be granted, that claim should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

In general, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, the Eleventh Circuit recognizes certain exceptions to this rule. One such exception is where a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Id*. at 1276. "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id*.

A second exception allows a court to "take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). Pursuant to Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). This Rule of Evidence allows the Court to take judicial notice "at any

4897-4021-0699

stage of the proceeding." *Id.* at (d). As such, in *Horne*, the Eleventh Circuit explained that the district court "properly took judicial notice" of court records from a prior case which were "public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *See Horne*, 392 F. App'x at 802 (quoting Fed. R. Evid. 201(b)); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999) (holding that courts may properly take judicial notice of relevant public documents required by law to be filed with the Securities and Exchange Commission because "no serious question as to their authenticity can exist").

In *Ellison*, the Eleventh Circuit affirmed the district court taking judicial notice of the exhibits attached to the motion to dismiss because the documents were all part of the EEOC's administrative record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *See also Moore v. Potter*, 2006 WL 2092277, at *5 (M.D. Fla. July 26, 2006) (exercising discretion to take judicial notice of "various filings and decisions of administrative agencies," including the United States Postal Service and EEOC); *Hicks v. City of Alabaster, Ala.*, 2013 WL 988874, at *7, n.5 (N.D. Ala. Mar. 12, 2013) ("[W]hen considering a motion to dismiss, the court may take judicial notice of the contents of relevant public records, which include EEOC

4897-4021-0699

Charges and Right to Sue Letters."); *Mann v. Geren*, 2008 WL 1766779, at *1, n.2 (S.D. Ga. Apr. 17, 2008) ("The Court takes judicial notice of plaintiff's EEOC actions as they are matters of public record.").

### III. MEMORANDUM OF LAW

Plaintiff failed to exhaust her administrative remedies for any of her claims in her Complaint, which are based on different legal theories than those asserted in her Charge(s). Moreover, even if Plaintiff had properly exhausted, she failed to bring her claims in a timely manner.

#### A. Plaintiff's Claims Should Be Dismissed for Failure to Exhaust.

In her Complaint, Plaintiff alleges claims of race and disability discrimination, and retaliation, all under the FCRA. However, Plaintiff did not assert any claims under the FCRA in either Charge she filed, nor did she assert any facts or allegations involving race discrimination. As such, Plaintiff's claims under the FCRA, and any claim asserting a new race discrimination legal theory must be dismissed for failure to exhaust.

Before suing under the FCRA, potential plaintiffs must first exhaust their administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). The FCRA requires the filing of a charge of discrimination with a state commission or the EEOC within 365 days of the alleged discrimination. Fla. Stat. § 760.11(1); *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013). "The

purpose of the exhaustion requirement is to allow the EEOC 'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Ortiz v. Waste Mgmt., Inc. of Fla.*, 808 F. App'x 1010, 1014 (11th Cir. 2020) (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). "The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). A plaintiff's complaint may not permissibly exceed the scope of her charge of discrimination and the EEOC investigation reasonably expected to follow. *Id.*

Here, Plaintiff's Complaint does not properly arise from either of her Charges. In her Charges, Plaintiff asserts that she cannot comply fully with Frontier's uniform policy—specifically, wearing a scarf—due to her alleged medical condition and asserts that she was denied an accommodation under the ADA. Exs. A, C. However, Plaintiff's Charges do not assert any race discrimination allegations nor any violations of the FCRA like she does in her Complaint.

Because the EEOC and FCHR did not have a fair opportunity to investigate alleged violations of the FCRA, and Frontier did not have a fair opportunity to respond to the allegations of violations of the FCRA that are in the Complaint, Plaintiff's case should be dismissed for a failure to exhaust administrative remedies.

The Eleventh Circuit has repeatedly affirmed dismissals of claims where, as here, the Plaintiff did not exhaust her administrative remedies as to those claims. For example, in *Ortiz*, the plaintiff filed an EEOC charge alleging he had been harassed, subjected to a hostile work environment, and retaliated against in violation of Title VII. 808 F. App'x at 1013. In his EEOC charge, the plaintiff did not check the box for sex discrimination, but did check "retaliation" and "other." *Id.* at 1012. The plaintiff alleged that he had complained to his employer that a coworker had improperly recorded him, and that his employer had not properly investigated or taken corrective action and then terminated his employment. *Id.* In his Complaint, the employee brought a disparate treatment claim based on sex, claiming his employer had handled his complaint differently than it would have handled a similar complaint from a female employee. *Id.* The district court granted the employer's motion to dismiss the sex discrimination claim, finding that his allegations in the complaint "fell outside the scope of the operative charge of discrimination Plaintiff filed with the [EEOC]." *Id.* at 1013. The Eleventh Circuit affirmed. *Id.* at 1015. The Court held, "[g]iven the complete lack of factual allegations about sex discrimination in the EEOC charge, we cannot conclude that an EEOC investigation would have reasonably uncovered evidence of sex discrimination." *Id.* at 1014.

In *Belony v. N. Broward Hosp. Dist.*, a case directly on point with this one, the court held that the former employee's discrimination charge, which was dually

filed with the FCHR and the EEOC, did not put the former employer or FCHR on notice that the former employee was claiming a violation of the FCRA, and thus, the former employee failed to exhaust administrative remedies before bringing a civil lawsuit under the FCRA for gender discrimination and retaliation. 374 So. 3d 5 (Fla. 4th Dist. App. 2023). The former employee's charge of discrimination only referenced Title VII and did not make any reference to state law violation, and therefore, the court determined that one could reasonably assume that the former employee only intended to bring a discrimination charge under federal law. *Id.*; *see also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (affirming the district court's judgment in favor of the defendant-employer on plaintiff's retaliation claims because the EEOC charge did not contain facts relating to retaliation even though the plaintiff-employee checked the retaliation box on his EEOC charge form); *Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 841 (11th Cir. 2005) ("Because the facts alleged in Green's EEOC charge form cannot be said to encompass a hostile work environment claim, we affirm the district court's finding that his claim was therefore procedurally deficient."); *Rodda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1296 (S.D. Fla. 2021) (finding the plaintiff failed to exhaust failure to accommodate claim based on alleged request for a private room for medical treatment where the plaintiff failed to mention the private room in her charge of discrimination); *Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1045-46 (M.D. Ala. 2007)

(finding that plaintiff was barred from bringing a retaliation claim because the EEOC investigation of the charge could not "reasonably have encompassed the retaliation claim he now wishes to urge in this lawsuit"); *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1331 (M.D. Fla. 2013) (finding "Plaintiff failed to include a disability discrimination claim in her Charge, and thus did not exhaust her administrative prerequisites of the FCRA with respect to this claim" where the box for disability was not checked and the word disability was not used in the charge's factual particulars).

Like the multitude of cases cited above, Plaintiff failed to allege any factual allegations in her Charge(s) relating to race discrimination nor did she assert any violation of the FCRA. *See* Exs. A & C. As a result, and in absence of such allegations, the EEOC and FCHR could not have effectively investigated the claims that are brought here, and Plaintiff's claims should be dismissed for a failure to exhaust administrative remedies.

Notably, Plaintiff's claims in her Complaint are all based on acts that occurred *before* she filed her EEOC Charge(s) back in 2021 and 2022. *See* Compl.; Exs. A & C. As such, these are not claims arising after she filed the Charges. Plaintiff already had the requisite knowledge to include allegations of race discrimination and violations of the FCRA in her Charge. Her failure to do so is fatal to her claims.

Plaintiff's conclusory allegation that she has satisfied all conditions precedent

10

to bringing this action must be disregarded. *See* Compl. ¶ 5. The allegation is conclusory and not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the Charges establish this allegation is false. Exs. A & C (no allegations of any facts to support a claim of race discrimination nor any assertion of a violation of the FCRA within the factual narratives or in the boxes checked on the Charges). Dismissal is appropriate if a document expressly referenced in the complaint (like the Charges here) negates the claims. *See Watson v. Williams*, No. 2:19-cv-65, 2021 WL 1020985, at *2 (M.D. Fla. Mar. 17, 2021); *Flint v. ABB, Inc.*, 229 F. Supp. 2d 1338, 1343 (S.D. Fla. Aug. 12, 2002) (conclusory allegations are not admitted as true when documents referenced in the complaint contradict the allegations). Thus, all of Plaintiff's claims must be dismissed.

**B.     Plaintiff's Claims in Her Complaint Are Untimely and Due to Be Dismissed.**

Even if Plaintiff exhausted her administrative remedies (which she did not), Plaintiff's Complaint fails because all of her claims are untimely. As discussed above, the EEOC issued Plaintiff a Right-to-Sue-Notice on December 1, 2021, and she was required to file a lawsuit within 90 days of her receipt of the notice. *See* Ex. B. However, Plaintiff did not file this lawsuit until **1,015** days later. *See* Compl. Plaintiff cannot resurrect her untimely claims by relying on the second-filed Charge, particularly as it was dismissed as duplicative of the first-filed Charge, and no Right-to-Sue-Notice was issued. *See* Ex. D.

Further, Plaintiff's last factual allegation in the Complaint occurred **over two years** before she filed this lawsuit. *See* Compl. ¶¶ 21-23. Under the FCRA, Plaintiff is required to file any charge of discrimination under the statute within one year of the discriminatory or retaliatory act, which Plaintiff failed to do. *See* Fla. Stat. § 760.11(1). Therefore, no matter how Plaintiff's claims are dissected, her claims are stale and due to be dismissed.

## IV.   CONCLUSION

For the above and foregoing reasons, Defendant Frontier respectfully requests the entry of an Order dismissing Plaintiff's Complaint for failure to exhaust administrative remedies and untimeliness.

s/ Janell M. Ahnert
Janell M. Ahnert (FL Bar 0123161)
jahnert@littler.com
LITTLER MENDELSON, P.C.
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Telephone: 205.421.4700
Facsimile: 205.421.4699

Counsel for Defendant Frontier Airlines, Inc.

4897-4021-0699

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2025, I electronically filed the foregoing using the Court's CMECF e-filing system and that a true and correct copy of the foregoing was served by email upon the following:

Marie A. Mattox
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

                                        s/ Janell M. Ahnert
                                        OF COUNSEL

4897-4021-0699