# EXHIBIT D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

100 SE 2nd Street, Suite 1500
Miami, FL 33131
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (305) 808-1742
Website: www.eeoc.gov

10/02/2024

VIA: jirias-bellorin@littler.com
Jose Humberto Irias-Bellorin
Littler Mendelson, P.C.
Wells Fargo Center, 333 SE 2nd Avenue
Suite 2700
Miami, FL 33131

Re:   FOIA No.: 510-2024-017466
      Theresa Smith v Frontier Airlines 510-2022-01622 Duplicate Charge of 541-2021-01702

Dear Mr. Irias-Bellorin:

Your Freedom of Information Act (FOIA) request, received on 09/18/2024, is processed. Our search began on 09/18/2024. All agency records in creation as of 09/18/2024 are within the scope of EEOC's search for responsive records. Your request is denied because this is a duplicate charge that was closed because of charge no. 541-2021-01702

I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

> The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448.

> The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 827-7545.

If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

510-2024-017466

See the comments below.

Sincerely,

Evangeline Hawthorne
District Director
miamfoia@eeoc.gov

*fredricka B. Warren*

Fredricka Warren
Government Information Specialist
Email: miamfoia@eeoc.gov
Fredricka.warren@eeoc.gov
Send your request to https://eeoc.arkcase.com/foia/portal/login
Send an email via support@arkcase.com if you have arkcase issues.

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

**(b)(3)(A)(i) Section 107 of the ADA**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\n(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 107 of the Americans with Disabilities Act (ADA) and § 207 of the Genetic Information Nondiscrimination Act (GINA) adopt the procedures of Sections 706 and 709 of Title VII.\n\nSee Equal Employment Opportunity Commission v. Associated Dry Goods Co., 449 U.S. 590 (1981); Frito-Lay v. EEOC, 964 F. Supp. 236, 239-43 (W.D. Ky. 1997); American Centennial Insurance Co. v. United States Equal Employment Opportunity Commission, 722 F. Supp. 180 (D.N.J. 1989); and EEOC v. City of Milwaukee, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

---------------------------------------------------------------------------------------------------------------------

**(b)(3)(A)(i) Section 207 of the GINA**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\n(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 107 of the Americans with Disabilities Act (ADA) and § 207 of the Genetic Information Nondiscrimination Act (GINA) adopt the procedures of Sections 706 and 709 of Title VII.\n\nSee Equal Employment Opportunity Commission v. Associated Dry Goods Co., 449 U.S. 590 (1981); Frito-Lay v. EEOC, 964 F. Supp. 236, 239-43 (W.D. Ky. 1997); American Centennial Insurance Co. v. United States Equal Employment Opportunity Commission, 722 F. Supp. 180 (D.N.J. 1989); and EEOC v. City of Milwaukee, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

---------------------------------------------------------------------------------------------------------------------

510-2024-017466

**(b)(3)(A)(i) Sections 706(b)**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\n(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(b), 2000e-8(e)(2007), are part of such a statute.  Section 706(b) provides that:\n\nCharges shall not be made public by the Commission .. . . .  Nothing said or done during and as a part of [the Commission's informal endeavors at resolving charges of discrimination] may be made public . . . .

-----------------------------------------------------------------------------------------------------------------

**(b)(3)(A)(i) Sections 709(e)**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\n(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 709(e) of Title VII provides:\n\nIt shall be unlawful for any officer of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section [to investigate charges of discrimination and to require employers to maintain and submit records] prior to the institution of any proceeding under this title involving such information.

-----------------------------------------------------------------------------------------------------------------

| DOCUMENTS WITHHELD PURSUANT TO Exemption (b)(3)(A)(i): |
| --- |
| Exemption (b)(3)(A)(i): |
| **Exemption (b)(3)(A)(i): Intra-agency electronic records regarding other Title VII charges** <br> **The confidentiality provisions of Title VII of the Civil Rights Act, the Americans with Disabilities Act, and GINA, prohibit the EEOC from confirming or denying the existence of a charge(s) or duplicate documents of a charge. The third exemption to the FOIA exempts this information from disclosure.** |

For a full description of the exemption codes used please find them at the following URL: https://www.eeoc.gov/foia/freedom-information-act-reference-guide

This response was prepared by Fredricka Warren, Government Information Specialist, who may be reached at fredricka.warren@eeoc.gov or miamfoia@eeoc.gov.