UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA SMITH,**
       **Plaintiff,**

v.                                                         Case No.   6:25-cv-17-ACC-DCI

**FRONTIER AIRLINES, INC.,**
       **Defendant.**

_____

**ORDER**

This cause comes before the Court on review of the Notice of Removal filed by Defendant Frontier Airlines, Inc. (Doc. 1). On September 11, 2024, Plaintiff Theresa Smith filed a Complaint against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. (Doc. 1-1). On January 6, 2025, Defendant removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 ¶ 2). Based on review of the Notice of Removal, an issue is presented as to whether Defendant can establish the citizenship and amount in controversy requirements for federal diversity jurisdiction.

*Subject Matter Jurisdiction Based on Diversity of Citizenship*

A defendant may remove any civil action from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978).

Nonetheless, the plaintiff is the master of his own claim, and the defendant's removal rights do not stand on equal footing with the plaintiff's right to choose his own forum. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Removal statutes are thus strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Indeed, all doubts and uncertainties regarding jurisdiction should be resolved in favor of remand. *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Defendant has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and must present facts establishing its right to remove. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### *Diversity of Citizenship*

In its Notice of Removal, Defendant asserts that diversity of citizenship exists between Plaintiff and Defendant. (Doc. 1 ¶ 7). However, upon review of the Notice of Removal and Complaint, and other filings before this Court, Defendant has not demonstrated that the parties are diverse.

Defendant alleges that it is a citizen of Colorado. (*Id.*). Defendant is a Colorado corporation with a principal place of business in Denver, Colorado. (*Id.* ¶

6; Doc. 1-5). A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Defendant is thus a citizen of Colorado.

However, Defendant only alleges that Plaintiff is a "resident of the State of Florida." (Doc. 1 ¶¶ 3, 5). It is well-established that alleging a party's residence for jurisdictional purposes does not equate to citizenship. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013); *Dyer v. Wal-Mart Stores*, *Inc.*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002)). "An individual's residence is, in and of itself, insufficient to establish an individual's citizenship for purposes of diversity jurisdiction." *Johns v. Progressive Express Ins. Co.*, No. 6:19-cv-1127-RBD-LRH, 2019 WL 5110666, at *1 (M.D. Fla. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 5110611 (M.D. Fla. Sept. 10, 2019). Because Defendant only alleges Plaintiff's residence, Defendant fails to sufficiently demonstrate complete diversity of citizenship.

### *Amount in Controversy*

In its Notice of Removal, Defendant asserts "that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs." (Doc. 1 ¶ 5). Defendant argues that Plaintiff's complaint, which asserts her claims

are "individually, in excess of Fifty Thousand Dollars," and Plaintiff's Civil Cover Sheet, which indicates the amount of the claim is "over $100,000," satisfy the amount in controversy requirement. (*Id.* ¶¶ 3, 4). However, upon review of the Notice of Removal and Complaint, Defendant has not demonstrated that the amount in controversy requirement is satisfied.

In cases such as this one, where a plaintiff has not specified a particular amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Meehan v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-490-Orl-22DAB, 2015 WL 13567353, at *1 (M.D. Fla. June 2, 2015) (Conway, J.) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). If the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; but these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). A removing defendant's allegations of jurisdiction must be supported with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754.

In its Notice of Removal, Defendant offers no evidence for the Court to combine with reasonable deductions, inferences, or extrapolations. *See Wade v. Evangelical Lutheran Good Samaritan Soc'y*, No. 6:21-cv-1838-ACC-DCI, 2021

WL 10396363, at *2 (M.D. Fla. Nov. 9, 2021) (Conway, J.) ("Although [the plaintiffs] estimate that the amount of their claim exceeds $100,000 in their state court Civil Cover Sheet, 'the Civil Cover Sheet is not a verified pleading or material evidence on the amount-in-controversy.'") (quoting *Dero Roofing, LLC v. Triton, Inc.*, No. 2:21-cv-688-SPC-MRM, 2021 WL 4205851, at *1 (M.D. Fla. Sept. 16, 2021)). Defendant instead relies on Plaintiff's generalized and unspecific demand for damages. (*See* Doc. 1 ¶¶ 3, 4). The Court therefore requires additional documentation, as Defendant has not provided sufficient evidence that the amount in controversy requirement is met.

Based on the foregoing, it is ordered as follows:

1. Defendant Frontier Airlines, Inc. is **ORDERED** to show cause within 14 days why the case should not be remanded for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 8, 2025.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record