**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THERESA SMITH,

     Plaintiff,

v.                       CASE NO.: 6:25-cv-17-ACC-DCI

FRONTIER AIRLINES, INC.,

     Defendant.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, THERESA SMITH ("Plaintiff" or "Ms. Smith"), by and through her undersigned counsel, hereby submits this Memorandum of Law opposing Defendant FRONTIER AIRLINES, INC.'s ("Defendant" or "Frontier") Motion to Dismiss ("Motion"). Because the Complaint plainly states viable causes of action under the Florida Civil Rights Act ("FCRA"), chapter 760, Florida Statutes, and alleges that Plaintiff satisfied all necessary pre-suit requirements, Defendant's Motion should be denied. The arguments Defendant advances on exhaustion and timeliness are improper at the pleading stage under Florida law. In support, Plaintiff states:

## I.    INTRODUCTION

Defendant contends that Plaintiff's claims under the Florida Civil Rights Act must be dismissed because: (1) Plaintiff purportedly did not exhaust her administrative remedies with respect to "race discrimination" and "FCRA retaliation;" and (2) Plaintiff's claims are allegedly time-barred due to her receipt of a federal Right-to-Sue Notice more than 90 days prior to filing suit. These contentions overlook controlling Florida authority regarding (1) how the FCRA's exhaustion standards are liberally interpreted; (2) how Florida's timing provisions differ from federal law; and (3) how "dual-filing" with the EEOC often satisfies the FCRA's filing prerequisite, even where the official charge form does not explicitly cite "Florida Civil Rights Act." Moreover, Florida courts generally hold that where a plaintiff alleges compliance with conditions precedent, any challenge to exhaustion or timeliness typically raises fact questions and is not properly resolved on a motion to dismiss.

Plaintiff's Complaint succinctly and clearly alleges that she has satisfied all conditions precedent and that her claims arise from a common nucleus of discriminatory and retaliatory acts. [Complaint, ¶ 5]. Florida courts repeatedly emphasize that the FCRA must be

broadly construed to fulfill its remedial purpose. *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000) ("Like Title VII, chapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature."); *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894–95 (Fla. 2002) (Amendment to former employee's unverified charge of discrimination in violation of Civil Rights Act that cured this procedural defect related back to date of original filing). Because the facts alleged—discriminatory denial of promotions, denial of medical accommodations, and retaliatory discipline—are clearly encompassed under chapter 760, Defendant's effort to parse out "unexhausted" or "untimely" claims is improper. The Motion should be denied in its entirety.

## II.    **PROCEDURAL AND FACTUAL BACKGROUND**

### A.    <u>Florida's Statutory Scheme</u>

Plaintiff's causes of action are brought exclusively under the FCRA, which prohibits employment discrimination on the basis of race, disability, and retaliation for engaging in protected activity. Fla. Stat. §§ 760.10, 760.11. Under Fla. Stat. § 760.11, a plaintiff must file a complaint with the Florida Commission on Human Relations

("FCHR") within 365 days of the alleged discriminatory or retaliatory conduct. If within 180 days the FCHR has not resolved the charge or has not made a determination, the claimant may proceed in state circuit court. *Id.* § 760.11(4), (8).

Plaintiff filed this lawsuit on September 11, 2024, specifically alleging, inter alia, that she "has satisfied all conditions precedent to bringing this action" and that the facts underlying her claims were previously brought to the attention of administrative agencies. [Complaint, ¶¶ 5, 18–19]. Defendant, nevertheless, argues that Plaintiff failed to exhaust these claims or let them become time-barred under a federal 90-day rule. Defendant's arguments, however, do not comport with the applicable Florida statutes and case law.

### B.   **Plaintiff's Allegations**

As set forth in the Complaint, Plaintiff, an African American female with a disabling condition (spondylolisthesis), began working for Defendant in October 2018. [Complaint, ¶¶ 3, 6, 9]. Despite strong performance, she was repeatedly denied promotions—positions that went to white employees who were less educated or qualified. [*id.* ¶¶ 11–12]. She was also required to wear a Flight Attendant scarf that caused her medical condition to flare, despite providing a doctor's

4

note requesting she be excused. [*id.* ¶ 12]. By contrast, white co-workers who deviated from uniform policies were not reprimanded. [*id.* ¶ 13]. Plaintiff complained internally about this disparate treatment, but no corrective action was taken. [*id.* ¶¶ 15–16]. She was then subjected to further adverse actions, including warnings, negative write-ups, and pay discrepancies—particularly after she complained of discrimination. [*id.* ¶¶ 14–22].

### C.  Plaintiff's Exhaustion of Remedies and Compliance with Conditions Precedent

Consistent with Fla. R. Civ. P. 1.120(c) (requiring only that conditions precedent be generally averred), Plaintiff's Complaint explicitly states that "Plaintiff has satisfied all conditions precedent to bringing this action, if any." [Complaint, ¶ 5]. She further details her attempts at administrative resolution, including filing charges with the EEOC and relevant state agencies in late 2021 and mid-2022. [*id.* ¶¶ 18–19]. This is legally sufficient to survive a motion to dismiss. As the Florida Supreme Court has held, whether the FCHR (or, in conjunction, the EEOC) "closed" a charge or treated it as "duplicative" presents factual questions not suitable for dismissal on the face of the Complaint. See *Summerlin v. L3 Commc'ns Integrated*

*Sys., LP,* 348 So. 3d 673, 677 (Fla. 1st DCA 2022) (Employee's allegation that she satisfied all conditions precedent to bringing suit was sufficient to show that she exhausted administrative remedies, as required to state a cause of action for associational discrimination under the ADA and retaliation under Title VII; employee had made a generalized averment that she had satisfied all conditions precedent, and she had even objected to court's use of discrimination charge she had filed with Commission on Human Relations and EEOC to question whether she had complied with necessary conditions precedent).

### III.   LEGAL STANDARDS

Under Florida Rule of Civil Procedure 1.140(b), a motion to dismiss tests whether the Complaint states a cause of action. *LaCalle v. Barquin,* 987 So. 2d 1245, 1246 (Fla. 3d DCA 2008) (noting "it is apodictic that matters dehors the four corners of a complaint or petition may not be considered on a motion to dismiss" and holding the trial court erred in dismissing petition to revoke administration of a will by relying upon affidavits attached to motion to dismiss). Where a plaintiff alleges compliance with conditions precedent, Florida courts generally decline to dismiss unless the complaint itself

6

affirmatively discloses a failure to satisfy those conditions. *Summerlin v. L3 Commc'ns Integrated Sys., LP*, 348 So. 3d 673, 677 (Fla. 1st DCA 2022) (holding the trial court erred in when it "circumvented the four corners rule by straying from the complaint, resolving factual issues that were not before it, and relying on a document ... which was only attached to the motion to dismiss"); *Kidwell Grp, LLC v. Am. Integrity Ins. Co. of Fla.*, 339 So. 3d 1068, 1069 (Fla. 5th DCA 2022) (holding "the trial court may not rely on any documents that are not attached to the complaint when considering the motion to dismiss"); *Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., Inc.*, 775 So. 2d 373, 375–76 (Fla. 4th DCA 2000) (holding trial court erred in dismissing complaint where it relied upon document only attached to motion to dismiss).

Similarly, dismissal on statute-of-limitations or timeliness grounds is disfavored unless the complaint's allegations conclusively show the claim is time-barred. Affirmative defenses, such as statute of limitations and laches, are generally matters raised in an answer and not a motion to dismiss. *Rigby v. Liles*, 505 So.2d 598, 601 (Fla. 1st DCA 1987). However, where the facts constituting the defense affirmatively appear on the face of the complaint and establish

conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. *Saltponds Condo. Ass'n v. Walbridge Aldinger Co.*, 979 So.2d 1240, 1244-45 (Fla. 3d DCA 2008); *Alexander v. Suncoast Builders, Inc.*, 837 So.2d 1056, 1057 (Fla. 3d DCA 2002). Because affirmative defenses may be avoided by facts pled in a reply, the allegations of the complaint must also conclusively negate the plaintiff's ability to allege facts in avoidance of the defense by way of reply or dismissal is inappropriate. *Rigby*, 505 So.2d at 601; *Saltponds Condo. Ass'n v. McCoy*, 972 So.2d 230, 231 (Fla. 3d DCA 2007).

Nothing in Plaintiff's Complaint "conclusively" demonstrates non-exhaustion or untimeliness. To the contrary, the Complaint specifically denies such deficiencies.

## IV.  ARGUMENT

### A.  **Plaintiff Properly Exhausted Her Administrative Remedies Under the FCRA**

Defendant's argument that Plaintiff "failed to exhaust" her FCRA claims, particularly those involving race discrimination and retaliation, misconstrues Florida's liberal standard for administrative exhaustion. Florida courts routinely look to federal Title VII

8

interpretations for guidance but remain clear that the FCRA's primary inquiry is whether the plaintiff gave the FCHR (or EEOC with a workshare agreement) fair notice of the alleged discrimination. *Woodham*, 829 So. 2d at 894; *Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 104 (Fla. 2d DCA 2023), review granted, No. SC2024-0099, 2024 WL 1550904 (Fla. Apr. 9, 2024) ("If the legislature intended for the statutory language in section 760.11 to require that the aggrieved party specifically allege in the complaint that his or her claims were under the FCRA, it could have said so, but it did not.")

1.  *Florida's Liberal Construction of the FCRA and Dual-Filing Principles*

Under the FCRA, an aggrieved employee must file a complaint with the FCHR or its federal counterpart (EEOC) within 365 days of the alleged violation, and then may bring a civil action if the FCHR does not resolve or determine the charge within 180 days. Fla. Stat. § 760.11(1), (8). Filing a complaint with the EEOC within the limitation period is generally sufficient to preserve the claim under the FCRA, because of the worksharing agreement between the two

agencies. *Woodham*, 829 So. 2d at 894–95.[1]

In Florida, the FCRA "should be liberally construed" to further its remedial purpose. *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000). Here Courts have thus repeatedly rejected hyper-technical arguments that a charge does not list the exact statutory citation or check the precise box for "race discrimination" or "retaliation." *Ramos*, 376 So. 3d at 104 (Former employee was not required to specifically allege in his charge of discrimination and retaliation with the EEOC that his claims were under the FCRA in order to exhaust his administrative remedies prior to filing discrimination and retaliation action against former employer under the FCRA). Plaintiff provided ample notice in her charges that she was experiencing disparate treatment (with white comparators receiving more favorable treatment), denial of a reasonable accommodation, and retaliatory write-ups. [Complaint, ¶¶ 12–16, 18–19]. These facts naturally encompass claims of race discrimination and retaliation under the FCRA.

> 2.  *An FCHR/EEOC Charge Need Only Give Fair Notice—Exact Labels Are Not Required*

---

[1] Official copies of the worksharing agreements on the FCHR's website here: https://fchr.myflorida.com/eeoc-and-hud. To the extent necessary, Plaintiff requests the Court to take judicial notice of them.

Defendant apparently contends that because the Charges primarily referenced disability discrimination and did not cite "FCRA race discrimination," the Complaint's race-based allegations are unexhausted. But Florida courts have consistently rejected such an argument. However, if the factual content of a charge reasonably covers race discrimination or retaliation, that suffices—even if the word "race" or "FCRA" is not used.

Moreover, Plaintiff's Complaint unambiguously states that "White employees," including Chapman, Desin, and McKeon, were permitted to deviate from uniform guidelines while Plaintiff was reprimanded. [Complaint, ¶¶ 13–14]. This type of factual scenario—preferential treatment for white employees as opposed to Black employees—naturally falls within the scope of race discrimination under the FCRA. The same is true of Plaintiff's retaliation allegations, which flow from her internal complaints to management and HR. [*id.* ¶¶ 15–16, 20–22]. Florida precedent teaches that these allegations, once shared with the EEOC or FCHR, were enough to trigger an investigation into race discrimination and retaliation. *Cf. Woodham*, 829 So. 2d at 894–95 (where the facts pled in the administrative

complaint could lead the FCHR/EEOC to investigate the possibility of the protected category at issue, the employee has satisfied the exhaustion requirement).

> 3. *Race Discrimination and Retaliation Are Within the Reasonable Scope of the Facts in the Charges*

Florida courts generally look to whether the allegations in the judicial complaint can reasonably be expected to grow out of the administrative complaint, focusing on the factual statements therein. *Woodham*, 829 So. 2d at 894. Plaintiff's allegations that white employees avoided discipline for uniform infractions while she was disciplined, coupled with her internal complaints about that unfair treatment, reasonably implicate race discrimination and retaliation— especially where the alleged bad actors ignored her complaints, meted out discipline, or refused to remove unwarranted write-ups. [Complaint, ¶¶ 14–17]. Indeed, these are precisely the types of facts that would lead an FCHR or EEOC investigator to inquire about race-based disparate treatment and subsequent retaliation. Dismissal on exhaustion grounds is particularly unwarranted where, as here, the factual underpinnings remain largely the same. Any dispute about the precise scope of the agency's investigation is properly a factual

12

question for summary judgment or trial, not a motion to dismiss.

## B.    Plaintiff's Claims Are Timely Under Florida Law

Defendant also argues that because Plaintiff purportedly filed suit more than 90 days after receiving a federal Right-to-Sue Notice, her claims are time-barred. This argument conflates the distinct statutory procedures under Title VII (federal law) and the FCRA (Florida law), and it ignores the fact that the Complaint alleges continued discriminatory and retaliatory acts through 2022 and includes timely references to a second (or supplemental) charge filed in mid-2022. [Complaint, ¶¶ 19–23]. Under Florida's rules, these issues cannot be resolved at the motion-to-dismiss stage.

### 1.    The FCRA's 365-Day and 180-Day Requirements Are Distinct from Federal 90-Day Rules

Section 760.11, Florida Statutes, provides that a plaintiff must file an administrative complaint with the FCHR (or dually with the EEOC) within 365 days of the alleged violation. Fla. Stat. § 760.11(1). After 180 days pass without a conclusion, the employee may file a civil action in the appropriate Florida court. *Id.* § 760.11(4), (8). The FCRA imposes no automatic 90-day deadline for filing suit once a right-to-sue notice issues (unlike Title VII's 90-day rule). *Woodham*,

13

829 So. 2d at 895 (explaining that Florida's statutory scheme is separate from and not identical to Title VII and that the 90-day federal limit does not necessarily apply to FCRA suits).

Hence, receiving a federal Right-to-Sue Notice does not automatically bar a subsequent lawsuit under Florida law, provided the plaintiff has complied with the FCRA's own deadlines. *Id.* Indeed, the Florida Supreme Court has explicitly held that a federal determination or closure does not deprive a plaintiff of her right to proceed under the FCRA once the 180 days have passed. *See Woodham*, 829 So. 2d at 895–96.

2.   *Plaintiff Alleges Continuing and Repeated Violations*

The Complaint asserts that acts of discrimination and retaliation continued at least through summer/fall 2022. [Complaint, ¶¶ 19–23 (detailing ongoing issues with FMLA coding, pay, and additional discipline for "unprofessional" emails seeking corrections)]. These allegations necessarily fall within 365 days of Plaintiff's second administrative complaint, which she filed in mid-2022. *Id.* ¶ 19. Defendant labels the second charge "duplicative," but that is a factual question. A claim that the EEOC closed the file or

14

deemed it "duplicate" does not prove that Plaintiff slept on her rights or that the 180-day period (from a validly filed charge) had expired without action. *Woodham*, 829 So. 2d at 895–96. At best, this issue is a dispute over the sufficiency or finality of the administrative process—an inherently factual question.

3.    *Factual Disputes Over Timeliness Cannot Be Resolved on a Motion to Dismiss*

Florida law is clear that a motion to dismiss based on a statute of limitations (or analogous timing requirement) is proper only if the complaint affirmatively and clearly shows the conclusive applicability of the time bar. *Saltponds Condo. Ass'n v. Walbridge Aldinger Co.*, 979 So.2d 1240, 1244-45 (Fla. 3d DCA 2008); *Alexander v. Suncoast Builders, Inc.*, 837 So.2d 1056, 1057 (Fla. 3d DCA 2002). Here, the face of the Complaint indicates that Plaintiff pursued her rights within the statutory period, alleges repeated or continuing acts of discrimination and retaliation, and affirms that she satisfied all conditions precedent. [Complaint, ¶¶ 5, 18–24]. That alone is sufficient to defeat a dismissal at this early stage. *Rigby*, 505 So.2d at 601; *Saltponds Condo. Ass'n v. McCoy*, 972 So.2d 230, 231 (Fla. 3d DCA 2007).

Even if there was a factual question as to precisely when Plaintiff received her EEOC notice or how the second charge was processed, the "four corners" rule forbids the Court from resolving that dispute now. Thus, Defendant's timeliness argument fails under Florida procedural law.

## C.  **Plaintiff Adequately States Claims for Race Discrimination, Disability Discrimination, and Retaliation Under the FCRA**

Defendant's Motion attempts to impose a merits-based or "scope of claim" standard that is inapposite at the motion-to-dismiss stage. Plaintiff's Complaint contains detailed allegations regarding:

Race Discrimination (Count I): The Complaint alleges that white employees were permitted to deviate from the uniform guidelines without any reprimand, while Plaintiff—a Black Flight Attendant—was repeatedly disciplined for the same conduct. [Complaint, ¶¶ 13–14, 26–33]. It further identifies instances where Plaintiff was denied promotions that went to white employees with fewer qualifications. [*id.* ¶¶ 11–12]. This sufficiently states a claim under Fla. Stat. § 760.10.

Disability Discrimination (Count II): The Complaint avers that Plaintiff has a disabling condition (spondylolisthesis), she requested

16

a reasonable accommodation (being excused from wearing a scarf that exacerbated her neck pain), and Defendant refused to accommodate while disciplining her for not wearing the scarf. [*id.* ¶¶ 9, 12, 34–41]. Florida law under the FCRA prohibits employers from discriminating on the basis of handicap/disability and requires reasonable accommodations. Fla. Stat. §§ 760.10(1)(a), 760.11. The factual allegations plainly support a plausible claim.

Retaliation (Count III): The Complaint also details that Plaintiff complained to HR and management about unlawful discrimination, and soon thereafter she faced additional reprimands, warnings, and was excluded from promotional opportunities. [Complaint, ¶¶ 15–17, 20–23, 42–48]. This is precisely the type of protected activity and adverse action that the FCRA's retaliation provisions forbid. Fla. Stat. § 760.10(7).

At the pleading stage in Florida courts, a complaint need only provide a short, plain statement of the ultimate facts showing the pleader is entitled to relief. Fla. R. Civ. P. 1.110(b). Plaintiff's allegations easily meet this standard. Defendant's motion improperly seeks to have this Court dismiss well-pled claims based on potential factual disputes about administrative procedure and timeliness that

17

are not apparent from the face of the Complaint.

### D. <u>Florida's Procedural Rules Preclude Dismissal Where Factual Issues Exist</u>

Even if there were any arguable inconsistencies in the administrative documents regarding whether Plaintiff named "FCRA" or "race discrimination" explicitly, or questions about the exact date she received a right-to-sue letter, Florida's procedural framework requires that such factual disputes be handled at later stages (e.g., summary judgment) unless the complaint unequivocally refutes the plaintiff's claim. The Complaint states that Plaintiff satisfied all pre-suit requirements and filed within the applicable Florida timelines, and nowhere does it concede any fatal deficiency.

Because Florida strongly disfavors dismissals at the initial pleading phase based on disputed factual matters, the Court should reject Defendant's attempt to foreclose Plaintiff's cause of action prematurely.

### V.    CONCLUSION

Plaintiff has properly alleged that she met all conditions precedent to filing her FCRA claims and has pleaded viable causes of action for race discrimination, disability discrimination, and

retaliation under chapter 760, Florida Statutes. Defendant's Motion to Dismiss impermissibly relies on: (1) an overly narrow interpretation of FCRA exhaustion requirements, which Florida courts have repeatedly rejected; and (2) an erroneous conflation of the federal 90-day filing window with Florida's separate statutory scheme. Because the Complaint, on its face, does not affirmatively show any failure to exhaust or lack of timeliness—and indeed alleges the opposite—the Motion to Dismiss must be denied.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety and grant such further relief as deemed just and proper.[2]

Dated: January 27, 2025

---

[2] In the event the Court dismisses this action in whole or in part, Plaintiff requests leave to amend. "A trial court should give leave to amend a deficient complaint unless ... the complaint shows on its face that there is a deficiency which cannot be cured by amendment." *Unitech Corp. v. Atl. Nat'l Bank of Miami*, 472 So.2d 817, 818 (Fla. 3d DCA 1985); *see also Thompson v. Bank of N.Y.*, 862 So.2d 768, 770 (Fla. 4th DCA 2003) (quoting *N. Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc.*, 745 So.2d 359, 362 (Fla. 4th DCA 1999)); Fla. R. Civ. P. 1.190(a) ("Leave of court [to amend a pleading] shall be given freely when justice so requires.").

Respectfully submitted,

/s/ *Katherine L. Viker*
Katherine L. Viker; FBN
538531
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
katherine@mattoxlaw.com
shannon@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Response contains 3590 words and is typed in 14-point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel of record via electronic portal this 27th day of January, 2025.

/s/Katherine L. Viker
Katherine L. Viker