UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THERESA SMITH,<br><br>       Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>       Defendant. | CIVIL ACTION NO.<br><br>6:25-CV-00017-ACC-DCI |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE
TO FILE REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Local Rule 3.01(d), Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") moves for leave to file a reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opposition") (Dkt. 11), which is unopposed, and states as follows:

**I.     BACKGROUND**

On January 6, 2025, Defendant timely moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting Plaintiff did not exhaust her administrative remedies with respect to her claims, which are claims of race and disability discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), and her claims are untimely and due to be dismissed.  (Dkt. 2).

In her Opposition to Frontier's Motion, Plaintiff attempts to side-step the fact that Plaintiff's claims fail as a matter of law by raising three categories of issues Defendant did not previously address in its Motion and to which a reply is needed: (1) how the FCRA's exhaustion standards are liberally interpreted; (2) how Florida's timing provisions differ from federal law; and (3) how "dual-filing" with the EEOC often satisfies the FCRA's filing prerequisite, even where the official charge form does not explicitly cite "Florida Civil Rights Act."  (*See* Dkt. 11).  Defendant requests the opportunity to address these issues raised, as it is Defendant's position that none of them change the fact that Plaintiff's Complaint is due to be dismissed in its entirety.  Accordingly, Defendant seeks leave of Court to submit a brief reply to Plaintiff's Opposition to its Motion to Dismiss to address these issues raised in Plaintiff's Opposition.

## II.    MEMORANDUM OF LAW

Under Local Rule 3.01(d), this Court may grant a party leave to file a reply where warranted.  "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).  A reply brief is appropriate where it will benefit the Court's resolution of the pending motion. *See Weiss v. AT&T Inc.,* 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023) (granting motion for leave to file reply where Court found

a reply brief could aid in the resolution of the underlying motion).

Defendant's brief reply will address only the newly raised issues and law in Plaintiff's response, which Plaintiff summarizes as: how the FCRA's exhaustion standards are liberally interpreted, how Florida's timing provisions differ from federal law, and how "dual-filing" with the EEOC often satisfies the FCRA's filing prerequisite, even where the official charge form does not explicitly cite the FCRA. (*See* Dkt. 11).  Allowing Defendant a brief reply will assist this Court in an appropriate resolution of Frontier's Motion, and Plaintiff will not be prejudiced by a brief reply memorandum for Defendant to respond to Plaintiff's issues and law raised in her Opposition.  Therefore, good cause exists for this Court to allow Frontier to file a reply.

WHEREFORE, Defendant Frontier Airlines, Inc., pursuant to Local Rule 3.01(d), respectfully requests this Court enter an Order granting it leave to file a Reply not to exceed seven pages, to be filed within ten days of the date of the Order, and for any such other and further relief as the Court deems just and proper.

### **RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies she has conferred with Plaintiff's counsel in a good faith effort to resolve the issue raised in this motion and opposing counsel does not object to Defendant's request to file a reply.

        *s/ Janell M. Ahnert*
        Janell M. Ahnert (FL Bar 0123161)
        jahnert@littler.com
        **LITTLER MENDELSON, P.C.**
        420 20th Street North, Suite 2300
        Birmingham, AL  35203-3204
        Telephone: 205.421.4700
        Facsimile: 205.421.4699

        Counsel for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on this the 3rd day of February 2025, by electronically filing the same with the CMECF e-filing system, which will send electronic notice of same to the following:

Marie A. Mattox
Katherine Viker
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
katherine@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
shannon@mattoxlaw.com

        *s/ Janell M. Ahnert*
        OF COUNSEL