UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THERESA SMITH, <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER AIRLINES, INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br> 6:25-CV-00017-ACC-DCI |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Frontier Airlines, Inc. ("Frontier") submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint.

**I.    LEGAL ARGUMENT.**

**A.    Plaintiff Did Not Exhaust Her Administrative Remedies Under Applicable Law, and Plaintiff's Complaint Can Properly Be Dismissed on These Grounds.**

Plaintiff's argument that she exhausted her administrative remedies relies entirely on one boilerplate statement in her Complaint that she "has satisfied all conditions precedent to bringing this action, if any." (Doc. 11, p. 5). She argues that "the facts underlying her claims were previously brought to the attention of administrative agencies," including "filing charges with the EEOC and relevant state agencies in late 2021 and mid-2022" *Id*. As established below, this argument fails entirely, and Defendant's Motion to Dismiss is due to be granted.

Importantly, all case law cited by Plaintiff for support in her Opposition is non-binding state law. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938); Fed. R. Civ. P. 81(c)(1). A motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is procedural and, as such, federal law applies.[1] Not even Plaintiff argues that state law should be applied under the *Erie* doctrine to the procedural motion to dismiss. Instead, she inexplicitly cites to inapplicable and non-binding state law throughout her brief instead of federal law.

Properly following federal law, Plaintiff's assertion that she carried her burden of establishing in her Complaint that she exhausted her administrative remedies fails and the motion to dismiss should be granted. In *Silien v. Waste Mgmt., Inc. of Fla.*, the Eleventh Circuit found that the plaintiff could not rely on the conclusory allegation of meeting "all conditions precedent for the filing of [the] action" because the complaint included more specific allegations showing the plaintiff failed to timely file an administrative charge. 22-14091, 2024 WL 797147, at *1 (11th Cir. Feb. 27, 2024) (citing *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222

---

[1] When a matter is "covered by the Federal Rules of Civil Procedure, the characterization question is usually unproblematic," because "if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law." *Gasperini*, 518 U.S. at 427, n.7 (citing *Hanna v. Plumer*, 380 U.S. 460, 469-74 (1965); *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)).

2

(11th Cir. 2022)) (explaining that "conclusory allegations…will not prevent dismissal"). Like in *Silien*, Plaintiff alleges, in a conclusory fashion, that she "has satisfied all conditions precedent to bringing this action, if any." (Doc. 1, Ex. A, ¶ 5). However, also like in *Silien*, Plaintiff includes more specific allegations, stating "[o]n November 29, 2021, fil[ing] [her] charge of disability discrimination with the Louisiana Commission on Human Rights and the EEOC under EEOC# 541-2021-01702," and that she "reported she was denied her reasonable medical accommodation request to not wear a scarf due to her disabling condition" and "that she was reprimanded for not wearing the scarf." *Id.* at ¶ 18. With these more specific allegations, Plaintiff has shown, similar to *Silien*, that she failed to properly exhaust administrative remedies as she concedes that she failed to include any allegations of race discrimination in the First Charge.

Further, while Plaintiff cites several cases for the proposition that courts can rely only on the four corners of a Complaint at the motion to dismiss stage, two well-supported exceptions to this proposition apply to documents that are "central to the plaintiff's claims" and when "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Federal courts have consistently held that administrative records from the EEOC and/or FCHR, including charges of discrimination and right to sue letters, are documents that are central to the plaintiff's claims that can (and should) be considered in ruling on a

motion to dismiss. *See Ellison v. Postmaster Gen. U.S. Postal Serv.*, 2022 WL 4726121 (11th Cir. Oct. 3, 2022); *see also Moore v. Potter*, 2006 WL 2092277, at *5 (M.D. Fla. July 26, 2006); *Hicks v. City of Alabaster, Ala.*, 2013 WL 988874, at *7, n.5 (N.D. Ala. Mar. 12, 2013). Here, there is no dispute that Plaintiff raises in her Complaint the issue of pre-suit administrative remedies. (Doc. 1, Ex. A, ¶ 5). As such, the administrative records submitted by Defendant can be, and should be, considered in determining whether Plaintiff exhausted her administrative remedies.

Further, whether that the FCHR (or in conjunction, the EEOC) "closed" a Charge of Discrimination is clearly an issue properly considered at the motion to dismiss stage. In response to Defendant's well-supported motion, Plaintiff is required to establish factual support for her conclusory allegation that she "satisfied all conditions precedent." *See In re Managed Care Litig.*, 595 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("[T]he Eleventh Circuit requires plaintiff to affirmatively plead exhaustion on the face of the complaint.") (citing *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992)). Plaintiff utterly fails to any such evidence other than the conclusory statement in her Complaint. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal [for failure to state a claim].").

Moreover, Plaintiff's failure to allege any violation of the FCRA or assertions

4

4915-2869-3785

of race discrimination in her Charges is fatal to her case.[2] It is disingenuous for Plaintiff to claim she provided ample notice in her Charges that she was claiming race discrimination or bringing claims under the FCRA when there is absolutely no mention of race or the FCRA in her charges or any underlying facts to sufficiently imply she was attempting to bring race or Florida statutory claims. *See* Doc. 2, Exhibits A & C. Both Florida state law and federal law support the conclusion that Plaintiff failed to exhaust her administrative remedies. *See, e.g.*, *Belony v. N. Broward Hosp. Dist.*, 374 So.3d 5 (Fla. 4th Dist. App. 2023) (finding charge only referenced federal law and no mention of state law, and because of this, former employee failed to exhaust administrative remedies under the FCRA for discrimination and retaliation claims); *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (finding EEOC charge did not contain facts relating to retaliation and affirming judgment in favor of employer).

Complaints can and should be dismissed on these grounds for judicial efficiency, the very purpose of administrative prerequisites to filing lawsuits. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (stating one of the main purposes of the administrative exhaustion requirement is to "promote[] efficiency," as "[c]laims generally can be resolved much more quickly and economically in proceedings

---

[2] It is clear that Plaintiff cites to her Complaint instead of her Charges in her Opposition, because any reference to the actual Charges she filed torpedoes the claims asserted in her Complaint. *See* Doc. 11 at p. 11.

before an agency than in litigation in federal court"). As such, Defendant's motion to dismiss should be granted.

> **B.    Plaintiff's Claims Are Untimely Under Relevant Law, and This Is a Proper Argument to Raise at the Motion to Dismiss Stage of the Case.**

Plaintiff makes quite a stretch in an attempt to salvage her untimely claims in arguing that whether her Second Charge is duplicative of her first Charge is a factual question that cannot be decided at the motion to dismiss stage. As previously noted, courts can and should take judicial notice of administrative records for the purposes of deciding issues on motions to dismiss for judicial efficiency. *See Ellison*, 2020 WL 2523287, at *2; *Hicks*, 2013 WL 988874, at *7, n.5. This Court can and should take judicial notice of the contents of the relevant Charge documents at issue in this matter to determine whether the First Charge and Second Charge are duplicative, a determination which can be made on the face of the documents themselves. Notably, Plaintiff does not dispute or challenge that these documents are central to Plaintiff's claims or the authenticity of these documents, because Plaintiff cannot do so. Therefore, this Court can and should consider these documents attached to Defendant's Motion to Dismiss and take judicial notice of the fact that Plaintiff's First Charge and Second Charge are duplicative, clearly establishing that Plaintiff's

4915-2869-3785

claims are untimely and due to be dismissed.[3]

Contrary to Plaintiff's arguments, a review of Plaintiff's Complaint and the properly judicially noticed documents attached to Defendant's Motion to Dismiss establish, on the face of the documents, an affirmative and clear showing that Plaintiff failed to pursue her rights within the statutory period. Further, it is undisputed that no Right-to-Sue was issued for Plaintiff's Second Charge, and, as such, Plaintiff cannot rely on it. Punctuating this point is the fact that Plaintiff's last factual allegation in her Complaint occurred well over two years before she filed her lawsuit. (Doc. 1, Ex. A, ¶¶ 21-23). Simply put, Plaintiff sat on her claims and cannot resurrect them. Plaintiff's actions and argument go against judicial efficiency, and Plaintiff's Complaint must be dismissed.

## II.   CONCLUSION

None of the issues raised in Plaintiff's Opposition change the fact that Plaintiff's Complaint is due to be dismissed, as Plaintiff failed to exhaust her administrative remedies and failed to timely file her Complaint.[4]

---

[3] *See Day*, 400 F.3d at 1276 (a court can consider documents attached to a motion to dismiss if central to plaintiff's claim and undisputed as to the authenticity of the documents).

[4] Plaintiff's Complaint on its face shows fatal deficiencies that cannot be cured by amendment, and Plaintiff is not entitled to any leave to amend her Complaint. A court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

| | |
|---|---|
| DATED this 14th day of February, 2025 | *s/Janell M. Ahnert* <br> Janell M. Ahnert <br> (FL Bar 0123161) <br> jahnert@littler.com <br> LITTLER MENDELSON, P.C. <br> 420 20th Street North, Suite 2300 <br> Birmingham, AL  35203-3204 <br> Telephone: 205.421.4700 <br> Facsimile: 205.421.4699 <br><br> Counsel for Defendant Frontier Airlines, Inc. |

4915-2869-3785

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2025, I electronically filed the foregoing using the Court's CMECF e-filing system and that a true and correct copy of the foregoing was served by email upon the following:

Marie A. Mattox
Katherine Viker
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
katherine@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
shannon@mattoxlaw.com

                                            *s/Janell M. Ahnert*
                                            OF COUNSEL

4915-2869-3785