UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERESA SMITH,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case No. 6:25-CV-00017-ACC-DCI

**JOINT MOTION FOR PROTECTIVE ORDER**

Plaintiff Theresa Smith ( "Plaintiff") and Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through their undersigned counsel, hereby jointly and respectfully request that the Court enter the Stipulated Protective Order attached as <u>Exhibit A</u>, stating as follows:

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including an order requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. *See* Fed. R. Civ. P. 26(c)(1)(G).

2. In addition, the Court may enter an umbrella protective order "when it is necessary to expedite the flow of discovery material, promote prompt resolution

of disputes over confidentiality, or facilitate the preservation of material arguably worthy of protection." *Howard v. Hartford Life & Acc. Ins. Co.*, No. 3:10-CV-192-J-34TEM, 2011 WL 2746347, at *1 (M.D. Fla. June 22, 2011); *Franco v. RYLA Teleservices, Inc.*, No. 8:12-CV-490-T-33TBM, 2012 WL 12905242, at *1 (M.D. Fla. Aug. 7, 2012) ("The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents."); *see also In re Alexander Grant & Co. v. News and Sun-Sentinel*, 820 F.2d 352, 355 (11th Cir. 1987).

3.  "Often courts issue umbrella protective orders jointly proposed by the parties[,] [which] often have a salutary purpose of limiting court involvement." *West v. Verizon Services Corp.*, 8:08-CV-1325-T-33MAP, 2010 WL 11483193, at *1 (M.D. Fla. Aug. 2, 2010); *Ronque v. Ford Motor Co.*, No. 91-622-CIV-J-16, 1992 WL 415427, at *1-2 (M.D. Fla. May 19, 1992) (concluding that an umbrella protective order was best suited to the needs of the parties).

4.  In considering a motion for the entry of an umbrella protective order, the Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information. *Howard*, 2011 WL 2746347, at *1 (M.D. Fla. June 22, 2011) (citing *In Re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355-

57 (11th Cir. 1987)).

5. Good cause exists to enter the umbrella Stipulated Protective Order, attached as <u>Exhibit A</u>, which balances the interest of parties and non-parties, will expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and minimize judicial intervention in related disputes.

6. Discovery in this case will likely require the production of certain information and material which confidential, private, trade secret, and/or proprietary information, including, without limitation, confidential information regarding current and former employees and confidential and/or proprietary business and legal information regarding Frontier and/or its subsidiaries, parents, or affiliates, the public disclosure or dissemination of which may harm the parties and/or invade the privacy rights of non-parties.

7. No party should be allowed to disclose properly designated confidential and/or proprietary information, and that properly designated confidential and proprietary information should be protected against public disclosure.

8. Thus, to minimize the risk of disclosure that would harm not only the parties but non-parties while facilitating the expeditious exchange of information while protecting confidential information without the costs and delays associated with judicial intervention, the parties respectfully request that the Court enter the

Proposed Protective Order attached as Exhibit A as written or a version thereof as an Order of the Court.

WHEREFORE, the parties respectfully request that the Stipulated Protective Order, attached as <u>Exhibit A</u>, be entered as an Order of this Court.

Respectfully submitted this 17th day of March, 2025.

| | |
|---|---|
| *s/ Katherine L. Viker* | *s/ Janell M. Ahnert* |
| Katherine L. Viker | Janell M. Ahnert |
| Marie A. Mattox | LITTLER MENDELSON, P.C. |
| MATTOX LAW FIRM | 420 20th Street North, Suite 2300 |
| 203 North Gadsden Street | Birmingham, AL 35203-3204 |
| Tallahassee, FL 32301 | (205) 421-4784 |
| 850-383-4800 | jahnert@littler.com |
| katherine@mattoxlaw.com | |
| marie@mattoxlaw.com | *Counsel for Defendant* |
| | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                       *s/ Janell M. Ahnert*
                                                       OF COUNSEL