**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THERESA SMITH,**
        **Plaintiff,**

    **v.**                                **Case No.: 6:25-CV-17-ACC-DCI**

**FRONTIER AIRLINES, INC.,**
        **Defendant,**

_____

**ORDER**

This cause comes before the Court on Defendant Frontier Airlines, Inc.'s Motion to Dismiss Plaintiff Theresa Smith's Complaint (Doc. 2) which asserts claims for discrimination and retaliation in violation of the Florida Civil Rights Act (the "FCRA"). Plaintiff filed a Response in Opposition (Doc. 11) to which Defendant filed a Reply (Doc. 17) and a Request for Oral Argument on the Motion.[1] (Doc. 18). For the reasons set forth below, Defendant's Motion to Dismiss will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Theresa Smith has been employed as a flight attendant by Defendant Frontier Airlines since 2018. (Doc. 1-1 ¶ 6). In October 2021, Plaintiff was given a documented verbal warning for failing to comply with uniform standards. (*Id.* ¶ 14).

---

[1] The Court finds that consideration of Defendant's Motion to Dismiss does not require oral argument as the arguments are properly covered by the parties in their relevant filings. (Docs. 2, 11, 17). Therefore, Defendant's Request for Oral Argument on the Motion will be denied as unnecessary.

Plaintiff submitted a Charge to the Equal Employment Opportunity Commission (the "EEOC") and the Louisiana Commission on Human Rights on October 29, 2021,[2] alleging only disability discrimination. (*Id.* ¶ 18). The EEOC issued a Notice of Right to Sue on December 1, 2021. (Doc. 2-2 at 2). On June 9, 2022, Plaintiff jointly filed a second Charge of Discrimination with the EEOC and the Florida Commission on Human Relations (the "Commission"). (Doc. 2-3 at 2). The dually filed Charge alleged discrimination based on disability and retaliation. (*Id.* at 3).

More than two years later, on September 11, 2024, Plaintiff filed a Complaint against Defendant in state court alleging violations of the FCRA. (Doc. 1-1 at 6–9). Plaintiff alleged Defendant committed violations in the form of race discrimination, disability discrimination, and retaliation. (*Id.*). Defendant removed the case to this Court on January 6, 2025, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).[3] The same day, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 2). First, Defendant argues dismissal is warranted because Plaintiff failed to exhaust her administrative remedies with the Florida Commission on Human Rights and the EEOC prior to filing suit. (*Id.* at 6). Second, Defendant argues dismissal is warranted because Plaintiff's claims are untimely. (*Id.* at 11).

---

[2] Plaintiff's Complaint incorrectly states November 29, 2021, as the date the EEOC Charge was filed. (Doc. 1-1 ¶ 18); *see* (Doc. 2-1 at 2).

[3] While the case was pending in state court, the Florida Rules of Civil Procedure required service of process within 120 days. *See* Fla. R. Civ. P. 1.070(j). Defendant was served a copy of the Complaint and Summons in the state court action on December 16, 2024. (Doc. 1 ¶ 8).

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Specific facts that are not necessary to state a claim for relief do not need to be included in a complaint. *Id.* Legal conclusions or a recitation of the elements of a cause of action are insufficient to satisfy a plaintiff's burden to prove he is entitled to relief. *Id.* at 555. A facially plausible claim must plead facts that give rise to a reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

## III.    DISCUSSION

A. *Judicial Notice and Incorporation by Reference*

As an initial matter, Defendant's Motion relies upon evidence which Plaintiff did not attach to the Complaint, including Plaintiff's 2021 EEOC Charge of Discrimination in Louisiana; 2021 Notice of Right to Sue; 2022 EEOC Charge of Discrimination in Florida; and a 2024 EEOC letter.[4] (Docs. 2-1 to 2-4). Plaintiff argues that the Court should not consider the documents attached to Defendant's Motion because the case is at the pleadings stage and the "four corners" rule applies. (Doc. 11 at 16).

At the Motion to Dismiss stage, courts "primarily consider the allegations in the complaint," but "[t]he court is not [always] limited to the four corners of the complaint." *Long v. Slaton,* 508 F.3d 576, 578 n. 3 (11th Cir. 2007) (citation omitted). The Eleventh Circuit has held that a district court may take judicial notice of relevant public documents without converting a Rule 12(b)(6) motion into a Rule 56 motion. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

---

[4] Defendant provided the EEOC letter through a 2024 Freedom of Information Act ("FOIA") request. (Doc. 2-4). The 2024 EEOC letter does not impact either party's arguments and thus will not be considered in this Motion.

which a court may take judicial notice."). Therefore, the Court will take judicial notice of the 2024 EEOC letter.[5] (Doc. 2-4).

Under the incorporation by reference doctrine, the Court may consider a document outside the four corners of the complaint as incorporated by reference if the document is both "central to the plaintiff's claims and [] undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024) (following *Maxcess* under the prior panel precedent rule).

Plaintiff does not challenge the authenticity of any of the documents attached to Defendant's Motion to Dismiss or their centrality to her claim. Plaintiff's Complaint asserts that "[o]n November 29, 2021, Plaintiff filed a charge of disability discrimination with the Louisiana Commission on Human Rights and the EEOC under EEOC# 541-2021-01702." (Doc. 1-1 ¶ 18).

Accordingly, the three remaining EEOC documents attached to Defendant's Motion (Docs. 2-1 to 2-3) are central to Plaintiff's claim because they are necessary to demonstrate whether Plaintiff timely filed a dual charge of discrimination and thus will be considered by this Court. *See, e.g., Jackson v. Frontier Commc'ns*, 2024 WL

---

[5] *See Bryant*, 187 F. 3d at 1278 (holding the Court may take judicial notice "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents").

4709934, *3 n.4 (11th Cir. 2024). The Court now turns to Defendant's arguments regarding the exhaustion of administrative remedies.

### B. Exhaustion of Administrative Remedies as to Count I

The general purpose of the FCRA is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." Fla. Stat. § 760.01(2) (2024). The Act also prohibits retaliation against an employee who opposes an unlawful employment practice. *Id.* § 760.10(7). Before a plaintiff may bring an FCRA civil action, she must exhaust her administrative remedies with the Commission as set forth in Florida Statutes section 760.11. *See Sheeley v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1205 (11th Cir. 2007).

The purpose of the FCRA's exhaustion requirement is to provide an administrative agency with "the first opportunity to investigate the alleged discriminatory practices" so that it may "perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *see Sunbeam Television Corp. v. Mizel*, 83 So. 3d 865, 874 (Fla. 3d Dist. Ct. App. 2012) (citing *Gregory*).[6] With this purpose

---

[6] Generally, an employee who suffers discrimination or retaliation because of her race may also bring a claim under Title VII, 42 U.S.C. 2000e-2(a). Because the FCRA and Title VII have the same exhaustion requirements, in FCRA cases the Court may look to cases applying Title VII's exhaustion requirement. *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1303 n.4 (11th Cir. 2023).

in mind, courts have allowed judicial claims that "amplify, clarify, or more clearly focus the allegations in the [administrative] complaint," but not those that involve "allegations of new acts of discrimination." *Gregory*, 355 F.3d at 1279–80. To determine whether a plaintiff exhausted her administrative remedies, the "proper inquiry" is whether the "[plaintiff's] complaint [is] like or related to, or grew out of, the allegations contained in [the administrative] charge." *Id.* at 1280. Because courts are "extremely reluctant to allow procedural technicalities to bar claims" brought under acts like the FCRA, the Court does not "strictly interpret[]" the scope of an administrative charge. *Id.*; *see Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000) (explaining Florida legislature directed that the FCRA should be "liberally construed").

Defendant argues that dismissal is warranted based on Plaintiff's failure to exhaust her administrative remedies as to Count I's race discrimination claim because both of Plaintiff's EEOC Charges failed to include any allegations of race discrimination. (Doc. 2 at 7). Plaintiff summarily argues in response that her Complaint complied with all conditions precedent to filing suit, "if any," and relies on Florida Rule of Civil Procedure 1.104(b)—rather than the appropriate Federal Rule of Civil Procedure—to support her claim. (Doc. 11 at 6). It is well established that when a federal district court exercises its diversity jurisdiction, the court is bound to apply state substantive law and federal procedural law. *Walker v. Armco*

*Steel Corp.*, 446 U.S. 740, 745 (1980); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see* Rules of Decision Act, 28 U.S.C. § 1652 (2006).

Additionally, Plaintiff argues that she provided "ample notice in her charges that she was experiencing disparate treatment[.]" (Doc. 11 at 10). However, Plaintiff's incorporated Charges reference the claim that she was discriminated against on account of only her disability, despite having the opportunity to reference racial discrimination in the Charges as well. (Doc. 2-1 at 2; Doc. 2-3 at 2–3). There are no factual allegations in the Charges that support a race discrimination claim or that could have reasonably prompted an investigation into racially discriminatory practices.

After drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to allege discrimination on the basis of race in the Charges. Therefore, Defendant's Motion will be granted as to Count I. Plaintiff's discrimination claim based on race will be dismissed without prejudice because the claim could not reasonably be expected to grow out of the Charges. *See Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir.1994) (the plaintiff's judicial complaint is limited to "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"); *see also Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 Fed. App'x. 586, 600 (11th Cir. 2008) (finding

claims of racial and national origin discrimination could not have been reasonably expected to grow out of the plaintiff's EEOC disability charge).[7]

### C. Exhaustion of Administrative Remedies as to Counts II and III

Defendant also seeks dismissal of Plaintiff's Complaint based on a failure to exhaust administrative remedies for Counts II and III. Defendant argues that Plaintiff failed to exhaust administrative remedies under the FCRA because her EEOC Charges referenced only federal statutes and did not reference state law violations. (Doc. 2 at 7). While the statute clearly contemplates dual filing of a charge, Florida district courts of appeal are split as to whether an EEOC charge that only alleges a violation of federal law is sufficient to comply with the exhaustion requirements of section 760.11. *Compare Belony v. N. Broward Hosp. Dist.*, 374 So. 3d 5, 8 (Fla. 4th Dist. Ct. App. 2023) (holding that "when a discrimination charge only and specifically alleges a violation of federal law, the act of dually filing the charge with the FCHR is insufficient to comply with the requirements of section 760.11") *with Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 104 (Fla. 2d Dist. Ct. App. 2023) (holding that the plaintiff was "not required to specifically allege in his [EEOC] charge of discrimination that his claims were under the FCRA" to exhaust administrative remedies under section 760.11 and certifying conflict with *Belony*). The Florida Supreme Court granted review on the certified question in *Ramos* and

---

[7] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2.

heard oral argument on November 6, 2024. *See Ramos*, 376 So. 3d at 104, *review granted*, No. SC2024-0099, 2024 WL 1550904 (Fla. Apr. 9, 2024).

Due to the appellate conflict cited by both parties and the Florida Supreme Court's pending opinion on the matter, the Court will deny the motion without prejudice as to this argument, which may be raised at a later stage of the proceedings. Perhaps by that time, the Florida Supreme Court will have provided a definitive answer on this important issue of state law.[8] If not, the Court will still be in a better position to analyze how the Florida Supreme Court may decide the issue at that time.

### D. Timeliness of Plaintiff's claims as to Counts II and III

The FCRA requires an aggrieved person to file an administrative discrimination charge with the Commission or the EEOC within one year of the alleged violation. *See* Fla. Stat. § 760.11(1). After a charge has been filed, the Commission must determine within 180 days whether "reasonable cause" exists to believe that a violation has occurred. *Id.* § 760.11(3). If the Commission fails to determine whether reasonable cause exists within 180 days of the filing of the Charge, the aggrieved person may proceed to sue, and the Commission must promptly notify the aggrieved person. *Id.* § 760.11(8). Specifically, the statute requires the Commission's notice to "provide the options available to the aggrieved

---

[8] "[A]bsent a decision from the state supreme court on an issue of state law, [a federal court] is bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

person . . . and inform the aggrieved person that he or she must file a civil action within 1 year after the date the commission certifies that the notice was mailed." *Id.* § 760.11(8)(b). Afterwards, "[a] civil action brought by an aggrieved person under this section must be commenced within 1 year after the date the Commission certifies that the notice was mailed[.]" *Id.* § 760.11(8)(c).

When the Commission fails to certify that the notice was mailed, the general four-year statute of limitations applies to the claims. *See* Fla. Stat. § 95.11(3)(f) (2024); *see also Joshua v. City of Gainesville*, 768 So. 2d at 433 (Fla. 2000) (holding general four-year statute of limitations for statutory violations under Florida Statutes § 95.11(3)(f) applies when the Commission does not make a reasonable cause determination on a complaint within the 180 days as contemplated by section 760.11(8)).

Here, Plaintiff completed a dual filing EEOC Charge with the Florida Commission on Human Relations on June 9, 2022, alleging the violation occurred on or about October 2021. (Doc. 2-3 at 2). Consequently, all discriminatory and retaliatory acts that occurred prior to June 9, 2021, are untimely filed, no longer actionable, and outside the scope of the action for FCRA purposes. Fla. Stat. § 760.11(1) (requiring any complaint to be filed with the Commission "within 365 days of an alleged violation").

Defendant argues in relevant part that Plaintiff's Counts II and III, respectively, which claim violations of disability discrimination and retaliation, are

time-barred by the FCRA's one year limitations period based on Florida Statutes section 760.11(1). (Doc. 2 at 12). However, the Court finds that Plaintiff's claims were timely filed. It is apparent that Plaintiff filed both EEOC Charges within one year of the alleged October 2021 violation in accordance with § 760.11(1). (Docs. 2-1, 2-3). Assuming Plaintiff has not received a notice in the mail from the Commission,[9] the one-year statute of limitations under § 760.11(8) has not been triggered, the general four-year statute of limitations applies, and thus Plaintiff's claims of disability discrimination and retaliation are not statutorily barred. *See* Fla. Stat. § 95.11(3)(f); *see also Joshua v. City of Gainesville*, 768 So. 2d 432, 433 (Fla. 2000). Therefore, Defendant's Motion will be denied as to Counts II and III.

Based on the foregoing, it is ordered as follows:

1.    Defendant Frontier Airlines, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 2) is **GRANTED** as to Count I and **DENIED** as to Counts II and III.

2.    Plaintiff Theresa Smith's racial discrimination claim (Count I) is **DISMISSED** without prejudice.

3.    Defendant's Request for Oral Argument (Doc. 18) is **DENIED** as unnecessary.

---

[9] Defendant has not argued, and there is no evidence, that Plaintiff has received notice in the mail from the Commission.

4.      Plaintiff is **ORDERED** to file any amended complaint consistent with

the requirements of this Order within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 2, 2025.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties