**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THERESA SMITH,

     Plaintiff,

v.                            CASE NO.: 6:25-cv-17-ACC-DCI

FRONTIER AIRLINES, INC.,

     Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, THERESA SMITH, hereby sues Defendant, FRONTIER AIRLINES, INC., and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, and 42 U.S.C. §1981. This case was removed to this Court by the Defendant.

2.    This action involves claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, THERESA SMITH, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a

member of a protected class due to her race and disability and she was retaliated against after reporting Defendant's unlawful employment practices.

4.    At all times pertinent hereto, Defendant, FRONTIER AIRLINES, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## **CONDITIONS PRECEDENT**

5.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.    **STATEMENT OF THE ULTIMATE FACTS**

6.    Plaintiff, an African American female, began her employment with Defendant in or around October 2018 and holds the position of Flight Attendant.

7.    Despite her stellar work performance during her employment with Defendant,  Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her race and disability and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.    The disparate treatment and retaliation came at the hands of specifically but not limited to Regional Manager Jenny Bacca, a Caucasian female, Inflight Supervisor Shawn Howard, an African American male, Business Analyst

Tyler Barlett, a Caucasian male, Inflight Supervisor Denise Sprouse, a Caucasian female, Trainer/Recruiter Chris Bassore, a Caucasian male, and Director of Recruitment Patricio Gambia, a Caucasian male.

9.     Plaintiff suffers from a serious medical/disabling condition, spondylolisthesis, of which Defendant is aware.

10.    Plaintiff is a loyal, dedicated, and industrious employee.

11.    From October 2018 through October 2021, Plaintiff applied for eleven promotions and was denied each promotion. The positions were all given to employees outside Plaintiff's protected class, African American, including but not limited to: Cindy Alas, Anthony LuTurco, Justin McKeon, and Scott O'Dell, all of whom are Caucasian and who are less educated and qualified than Plaintiff.

12.    From 2020 through September 2022, Plaintiff was persistently reprimanded by Howard for not wearing a scarf around her neck despite the fact that Plaintiff submitted a doctor's note requesting a reasonable accommodation that she be excused from wearing a scarf due to her disabling condition. Defendant denied Plaintiff's reasonable accommodation request.

13.    The following Caucasian employees, Sierra Chapman, Heather Desin, and Justin McKeon, have been permitted to deviate from uniform guidelines without being reprimanded.

14.    In October 2021 Howard gave Plaintiff a documented verbal warning for not wearing a scarf even though Defendant received Plaintiff's doctor's note requesting the reasonable accommodation of not wearing a scarf.  White employees, some of whom are identified above, have not been reprimanded when they are outside Defendant's uniform guidelines.

15.    Shortly after the documented verbal warning, Plaintiff reported Howard's disparate treatment to Human Resources and Barlett was tasked with investigating Plaintiff's complaint. Barlett determined Plaintiff's complaint was unfounded and no corrective action was taken.

16.    Plaintiff tried to apply for two promotions after Howard's documented warning but was told she did not qualify due to the warning. But there are Caucasian employees, including but not limited to: Chapman, Desin and, and McKeon, who defy Defendant's uniform guidelines, and they have not been reprimanded and would thus be eligible for promotion.

17.    In October 2021, Plaintiff requested for Bacca to remove the Documented Verbal Warning from her file but Bacca refused.

18.    On November 29, 2021, Plaintiff filed a charge of disability discrimination with the Louisiana Commission on Human Rights and the EEOC under EEOC# 541-2021-01702. Plaintiff reported she was denied her reasonable

medical accommodation request to not wear a scarf due to her disabling condition. Plaintiff also reported that she was reprimanded for not wearing the scarf.

19.    On December 28, 2021, Plaintiff was injured on the job and filed a workers compensation claim.

20.    In late June 2022 Plaintiff requested for Leave of Absence Representative Joanna Miller's ("Miller"), a Caucasian female, to code her FMLA properly so she did not get points or warnings assessed against her for absences. Miller failed to respond or to correct the problem.

21.    On August 25, 2022, Plaintiff was issued a written warning for her emails to Disability Representative Allan Blair ("Blair") a Caucasian male, and Miller. The write up alleged Plaintiff had contravened Defendant's standards for communicating with management and alleged she had acted unprofessionally. Plaintiff had emailed Blair and Miller because her FMLA was not being coded properly and was not unprofessional.

22.    Plaintiff's emails to Miller and Blair were her eighth and ninth requests for her FMLA to be recoded and that each time it was not done in a timely manner. Caucasian employees, including but not limited to Charlean Clayborne ("Clayborne"), did not experience issues with their FMLA being coded improperly.

23.    In the Summer 2022, Plaintiff experienced discrepancies in her pay due to her FMLA being coded improperly. However at least one employee, Clayborne,

outside Plaintiff's protected class, African American, did not experience issues with FMLA being coded improperly.

24.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

25.    Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

27.    Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated Caucasian employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race. This has impaired Plaintiff's ability to be promoted within the Defendant by subjecting her to different standards with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of employment.

28.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and

inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

29.    Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

30.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

31.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

32.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts.

33.    The events set forth herein led, at least in part, to Plaintiff's inability to receive promotion(s) and benefits within Defendant.

34.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and punitive damages.

### COUNT II
### DISABILITY DISCRIMINATION

36.     Paragraphs 1 through 24 are realleged and incorporated herein by reference.

37.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

38.     Plaintiff has been the victim of discrimination on the basis of her disability, perceived disability or record of having an impairment.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

39.     Defendant is liable for the differential treatment and its refusal to accommodate   Plaintiff, as well as its failure to engage in the interactive process with Plaintiff ,which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the

8

persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

41.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to adverse action against Plaintiff.

42.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

43.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**COUNT III**
**RETALIATION – Chapter 760**

44.     Paragraphs 1 through 24 are realleged and incorporated herein by reference.

45.     Defendant is an employer as that term is used under the applicable statutes referenced above.

46.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

47.     The foregoing unlawful actions by Defendant were purposeful.

48.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

49.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

50.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

10

These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,


/s/ Katherine L. Viker
Katherine L. Viker [FBN 538531]
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by

CM/ECF service only to all counsel of record this 16th day of April, 2025.

/s/ Katherine L. Viker
Katherine L. Viker